# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | THOMAS M. DURKIN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1164 | **DATE** | 2/15/13 |
| **CASE TITLE** | Davaris A. Washington (#M-28534) vs. IDOC Stateville NRC Medical Unit, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is denied, with leave to renew. The plaintiff is granted thirty days in which either to file a properly completed *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. The plaintiff must also submit a proposed amended complaint (along with a judge's copy and service copies) naming a proper defendant. Failure of the plaintiff to comply with these directives within thirty days will result in summary dismissal of this case. The clerk is directed to send the plaintiff an *in forma pauperis* application, an amended complaint form, and instructions along with a copy of this order.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that health care providers at the Stateville Correctional Center acted with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he was denied needed care and treatment for gunshot injuries he sustained prior to his incarceration.

The clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with federal statutes and the rules of this court. The plaintiff's application to proceed *in forma pauperis* is missing pages, is not certified by a correctional official, and does not include trust fund ledgers reflecting his income for the past six months. *See* 28 U.S.C. § 1915(a)(2). If the plaintiff wishes to proceed with this case *in forma pauperis*, he must file a signed i.f.p. application on the court's required form, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the six months preceding the filing of this lawsuit [that is, from August 12, 2012, through February 12, 2013]. A prison official must complete and sign the part of the form captioned "Certificate" on the back of the i.f.p. application. In the alternative, the plaintiff may pay the full $350 statutory filing fee. Failure to **(CONTINUED)**

mjm

| STATEMENT  (continued) |
|---|

complete the required form fully or to otherwise comply with this order will result in dismissal of the suit.  *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

The plaintiff must also submit an amended complaint, as he has not named a proper defendant.  The only defendant named in the caption of the complaint is "IDOC Stateville NRC Medical Unit," which is not a suable entity.  *See, e.g., Lee v. Lemke*, No. 95 C 6277, 1996 WL 166944, *1 (N.D. Ill. Apr. 8, 1996) (Lefkow, J.) (citing *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991)).  The "Parties" section of the complaint also lists "Nurse;" however, without a name or any other identifying information, the plaintiff will be unable to serve the individual in question.

In this circuit, the courts recognize a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the alleged actions underlying their complaint.  When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor.  *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996).  Consequently, if the plaintiff wishes to pursue his claims, he should amend the complaint to name as defendant a supervisory official or administrator who is in a position to identify the John and Jane Doe defendants, such as Stateville's warden or medical director.

Once the plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the defendants who allegedly violated the plaintiff's constitutional rights.  *See* Fed. R. Civ. P. 33.  After the plaintiff learns the defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John and Jane Does.  Summonses will then issue for service on the defendants in interest and the supervisory defendant will be dismissed.  The plaintiff is advised that there is a two-year statute of limitations for civil rights actions.  *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202.  The plaintiff should therefore attempt to identify the John/Jane Doe defendants as soon as possible.  *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

For the foregoing reasons, the plaintiff must draft an amended complaint naming either those specific individuals who were directly, personally responsible for his injuries (that is, those who denied him medical care or access to medical care) or, if he does not know their names, a supervisory in a position to identify them.

In sum, if after considering the provisions of the Prison Litigation Reform Act the plaintiff wishes to proceed with this suit, he must, within thirty days of the date of this order: (1) **either** file an *in forma pauperis* **(CONTINUED)**

| STATEMENT (continued) |
|---|

application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee; and (2) submit an amended complaint naming as defendants those individuals personally responsible for violating the plaintiff's constitutional rights.  **As with every document filed with the court, the plaintiff must provide both the original and a judge's copy**; he must also include a sufficient number of carbon copies or photocopies of the amended complaint for service on each named defendant.

      The clerk will provide the plaintiff with an *in forma pauperis* application, an amended complaint form, and instructions along with a copy of this order. If the plaintiff fails to comply with the above directives within thirty days, the court will dismiss the case, on the understanding that plaintiff does not wish to pursue this lawsuit.