# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | THOMAS M. DURKIN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1164 | **DATE** | 3/20/13 |
| **CASE TITLE** | Davaris A. Washington (#M-28534) vs. IDOC Stateville NRC Medical Unit, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's renewed motion for leave to proceed *in forma pauperis* [#6] is granted.  The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $5.88 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order.  However, summonses shall not issue at this time.  The amended complaint is dismissed, without prejudice.  The plaintiff must submit a second amended complaint (along with a judge's copy and service copies) setting forth his claims against each named defendant.  Failure of the plaintiff to comply with within thirty days will result in summary dismissal of this case. The clerk is directed to:  (1) send the plaintiff an amended complaint form and instructions along with a copy of this order, and (2) mail a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. **The plaintiff is once again reminded that he is required to provide the court with the original plus a judge's copy of every document filed.**

■  [For further details see text below.]                                        Docketing to mail notices.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The plaintiff claims that the defendants, health care providers and a counselor at the Stateville Correctional Center, acted with deliberate indifference to his serious medical needs.  More specifically, the plaintiff alleges that he was denied needed care and treatment for gunshot injuries he sustained prior to his incarceration.  The plaintiff has submitted an amended complaint and properly completed i.f.p. application, as directed.  *See* Minute Order of February 15, 2012.

The plaintiff's renewed motion for leave to proceed *in forma pauperis* is granted.  Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $5.88.  The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court.  After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments shall be forwarded to the Clerk of

**(CONTINUED)**

mjm

Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

However, the plaintiff must submit a second amended complaint, as he has failed to set forth his claims against each defendant named in the first amended complaint. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009) ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). A complaint must provide each named defendant basic notice of the claims asserted against him or her. *See, e.g., J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Here, the plaintiff has alleged that his counselor failed to act on his grievance; however, he makes no allegations concerning any of the other defendants named in the amended complaint.

For the foregoing reasons, the plaintiff must draft a second amended complaint setting forth his basic claims against each named defendant. **As with every document filed with the court, the plaintiff must provide both the original and a judge's copy; he must also include a sufficient number of carbon copies or photocopies of the amended complaint for service on each named defendant.**

The plaintiff is cautioned that an amended complaint supersedes prior pleadings and must stand complete on its own. Therefore, all allegations the plaintiff wishes the court to consider must be set forth in the second amended complaint, without reference to the original or first amended complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with forms and instructions. If the plaintiff fails to submit a second amended complaint within thirty days, the court will dismiss the case, on the understanding that plaintiff does not wish to pursue this lawsuit.