# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | THOMAS M. DURKIN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1164 | **DATE** | 4/10/2013 |
| **CASE TITLE** | Davaris A. Washington (#M-28534) vs. IDOC Stateville NRC Medical Unit, et al. | | |

**DOCKET ENTRY TEXT:**

The clerk is directed to: (1) file the second amended complaint; (2) terminate IDOC Stateville NRC as a defendant pursuant to 28 U.S.C. § 1915A; (2) issue summonses for service of the second amended complaint on Sergeant Griffin and Nurse Harris by the U.S. Marshal; and (4) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ **[For further details see text below.]**　　　　　　　　　　　　　　　　　　　　　　**Docketing to mail notices.**

## STATEMENT

　　The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, health care providers and a correctional officer at the Stateville Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he was denied needed care and treatment for gunshot injuries he sustained prior to his incarceration. The plaintiff has submitted a second amended complaint, as directed. *See* Minute Order of March 20, 2013.

　　Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the second amended complaint. Here, accepting the plaintiff's allegations as true, the court finds that the second amended complaint articulates a colorable federal cause of action against the nurses and correctional officers who allegedly ignored his multiple requests for medical attention. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by

**(CONTINUED)**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　mjm

**STATEMENT (continued)**

"woefully inadequate action" as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). It should be noted that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Estelle*, 429 U.S. at 106; *Greeno*, 414 F.3d at 653. Nevertheless, the plaintiff's allegations of deliberate indifference state an arguable claim against the individuals in question.

However, "IDOC Stateville NRC" is dismissed as a defendant on preliminary review pursuant to 28 U.S.C. § 1915A. The Eleventh Amendment bars private litigants' suits for damages against the State of Illinois and state agencies in federal court. *See, e.g., Turpin v. Koropchak*, 567 F.3d 880, 883 n.4 (7th Cir. 2009). The plaintiff may proceed only against the persons involved in the alleged denial of needed medical care.

The clerk shall issue summonses forthwith for service of the second amended complaint on defendants Griffin and Harris. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If either defendant can no longer be found at the work address provided by the plaintiff, the Illinois Department of Corrections and/or Wexford Health Sources, Inc., shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is advised that there is a two-year statute of limitations for civil rights actions in Illinois. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. The plaintiff should therefore attempt to identify the unnamed "medical unit lieutenant nurse" as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.